IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELAINE WHIGHAM WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1035-N-BN |
| | § | |
| MARSH MCLENNAN COMPANIES, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Elaine Whigham Williams has filed this *pro se* action, asserting that
the named defendants have committed Domestic Terrorism, under 18 U.S.C. § 2331,
in addition to other federal crimes, and that the defendants "are involved in acts
surrounding Zombie Apocalypse used to bring about mass destruction against boogie
black upwardly mobile people." Dkt. No. 3 at 2. This action has been referred to the
undersigned United States magistrate judge for pretrial management under 28 U.S.C.
§ 636(b) and a standing order of reference from United States District Judge David C.
Godbey. The undersigned enters these findings of fact, conclusions of law, and
recommendation that the Court should dismiss this action with prejudice under 28
U.S.C. § 1915(e)(2)(B).

**Applicable Background**

Williams's factual assertions begin with her claim "that her former employer
Marsh McLennan ... scare[d] her off the job, [to] offer the job to a male candidate and

run [Williams] out of the Greater Dallas Fort Worth Area and or kill [her]." Dkt. No. 3 at 7; *see also id.* at 8 ("On or about January 14, 2013 the Plaintiff began her job at Marsh McLennan Companies on the 44th floor of the Comerica Bldg and for 2 months and 2 weeks Plaintiff was subjected to Psychological Warfare, where the Defendant Marsh began to use 'Fear' as a weapon and the art of intimidation through or propaganda and the use of the supernatural. The Defendant Marsh McLennan Companies Inc., turned the 44th floor 'Huk' territory. The New World Order. The Plaintiff a dark skinned black women was viewed by the Defendants as a guerilla that needed to be run out of their huk held territory. The Defendant Marsh McLennan used the Psychological Warfare stunt called dread vampire a ghost filled 44th floor." (citation omitted)).

She also discusses her likeness to a sculpture "entitled The Oprah Sarcophagus" – "[a] likeness of [her] dead body laying naked and exposed [ ] on top of a Gold Coffin" – and asserts that she "is the illegitimate daughter of Oprah Gail Winfrey, Media Mogul." *Id.*; *see also id.* at 31-35.

Williams further contends that the defendants "followed and surveilled [her] for several weeks before she was ambushed by Officer Grimes and [Tori] Miller" – fictional characters on the television series *The Walking Dead* – "who [were] pretending as state actors that they seizing a Zombie." *Id.* at 10; *see also generally id.* (making multiple references to *The Walking Dead*).

Williams's various factual contentions support, she believes, claims for domestic terrorism, in violation of 18 U.S.C. § 2331; perjury, in violation of 18 U.S.C. § 1621;

kidnaping, in violation of 18 U.S.C. § 1201; and hate crime, in violation of 18 U.S.C. § 249, and she seeks $1.6 billion in damages. *See* Dkt. No. 3 at 14-20.

### Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks

omitted).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam; emphasis added by *Smith*)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

As demonstrated in the excerpted representative factual allegations, Williams's complaint lacks a logical set of facts that supports a claim for relief. Her allegations also lack facts that show that the claims asserted have substantive plausibility. Further, although the Court is not overly concerned with the labels a *pro se* plaintiff attaches to her claims, to the extent that Williams seeks to press criminal charges against the defendants, *see* Dkt. No. 3 at 14-20, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Leeke v.*

*Timmerman*, 454 U.S. 83, 85-86 (1981).

### Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 26, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE